UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT LEE ST. CLAIR, JR. ,

    Plaintiff,

v.                                                                  Case No.  8:21-cv-168-WFJ-JSS

DEANGELO M. ANTHONY, *et al.*,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Plaintiff's amended civil rights complaint (Doc. 9), filed under 42 U.S.C. § 1983.  Plaintiff is a pretrial detainee proceeding *pro se*. (Doc. 9 at 12).

A. Section 1915

Pursuant to 28 U.S.C. § 1915A, federal courts are obligated to conduct an initial screening of certain civil suits brought by prisoners to determine whether they should proceed.  Upon reading a plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court must dismiss the complaint, or any portion thereof, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).  A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

B. Section 1983

Plaintiff states that his claims against Defendants arise under Title 42 United States Code Section 1983. "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990). To successfully plead a Section 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

C. Analysis

This is Plaintiff's second attempt to survive frivolity review under Section 1915A. (*See* Doc. 6). Plaintiff sues the following twenty-two individuals from the Lakeland Police Department in their individual and official capacities:

1. DeAngelo M. Anthony,
2. Justin Claxon,
3. Dustin Fetz,
4. Derek Gulledge,
5. David Guptill,
6. Nicholas Harrison,
7. Warren Scott Hutton,
8. Joseph Jano,
9. Kenneth Jones,
10. Parker Kellerman,

11. Charlene Liberty,
12. Derek Martin,
13. Brooke Nicole Mort,
14. Sean Mulderrig,
15. Aaron D. Peterman,
16. Zachary Morgan Simmons,
17. Jack Sirera,
18. Jaime M. Smith,
19. Eric Strom, and
20. three John Does.

(Doc. 9 at 3–10). Plaintiff claims that, on April 8, 2019, he eluded police at high speed. Once he stopped and exited the vehicle, he ran for about thirty feet then got on his knees with his hands up. Although he was no longer resisting arrest, he was attacked by a police K-9 and beaten by the defendants. (Doc. 9 at 13, 15). He suffered dog bites, a broken nose, loosened and knocked out teeth, a swollen ear and swollen eyes, and a torn forearm muscle. (Doc. 9 at 15–16). Plaintiff claims that the defendants refused to let first responders examine him and delayed taking him to the hospital. (Doc. 9 at 15–16). He seeks compensatory and punitive damages.

First, a claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). A municipality or county is not a "person" answerable to Plaintiff in an action under 42 U.S.C. § 1983 unless the actions of the municipality or county rise to the level of a custom or official policy, or if the municipality or county tacitly authorizes the actions or displays deliberate indifference towards the misconduct. *See Brooks v. Scheib*, 813 F.2d 1191, 1193 (11th Cir. 1987). Plaintiff

3

has alleged no such policy, custom, or tacit authorization here. Therefore, to the extent Plaintiff sues each defendant in their official capacities, those claims are dismissed.

Second, Plaintiff names three "John Does" as defendants. "[F]ictitious-party pleading is not [generally] permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). However, "one may be able to describe an individual (e.g., the driver of an automobile) without stating his name precisely or correctly." *Dean v. Barber*, 951 F.2d 1210, 1215–16 (11th Cir. 1992) (quoting *Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1096 n.19 (9th Cir. 1987) (Kozinski, J., dissenting) (citations omitted)). Plaintiff has failed to describe the three John Does with any particularity. Therefore, the claims against the three John Doe defendants are dismissed.

To the extent Plaintiff claims that the remaining nineteen defendants beat him when he was no longer resisting, refused to permit him to be evaluated by first responders, and delayed taking him to the hospital, the Court concludes the individual capacity claims on those defendants may proceed to service of process.

Accordingly, it is **ORDERED** that:

1. All claims against the John Doe defendants and the official capacity claims against the remaining nineteen defendants are **DISMISSED**;

2. The case will proceed to service of process on the remaining nineteen defendants on Plaintiff's claims for the use of excessive force and deliberate indifference to a serious medical need.

    a. The clerk shall mail to Plaintiff the service of process forms.

    b. Plaintiff must comply with the instructions provided with the forms and must return the completed forms within **THIRTY (30) DAYS**.

    c. Following receipt of the completed forms, the Court will, by separate order, direct the United States Marshals Service to effect service of process.

3. **Plaintiff's failure to timely comply with this order will result in dismissal of this action without further notice**.

    **DONE** and **ORDERED** in Tampa, Florida on December 16, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE