UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT LEE ST. CLAIR, JR.,

    Plaintiff,

v.                                                Case No.  8:21-cv-168-WFJ-JSS

DEANGELO M. ANTHONY, et al.,

    Defendants.
_____/

## ORDER

THIS MATTER is before the court on Plaintiff's Motion to Appoint Counsel ("Motion"). (Dkt. 33.)  A civil litigant has no absolute constitutional right to counsel because an action pursuant to 42 U.S.C. § 1983 is civil in nature and the plaintiff's physical liberty is not jeopardized.  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).  Instead, the fundamental fairness requirement of the due process clause of the Fourteenth Amendment to the United States Constitution mandates appointment of counsel only in "exceptional circumstances."  *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996) (citing *Kilgo*, 983 F.2d at 193).  Whether "exceptional circumstances" exist depends upon the type and complexity of the case and the ability of the pro se plaintiff.  *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

Plaintiff will not lose his liberty if this civil rights action is unsuccessful. He states merely that he is unskilled in the law and takes unspecified medications for his

mental health "that would hinder him in the proceedings of the instant case." (Dkt. 33 at 1.) At this stage of the proceedings, Plaintiff's filings, and his ability to comply with the court's directives belie his alleged inability to proceed in this case pro se. Plaintiff, therefore, fails to meet his burden of proving the existence of exceptional circumstances requiring the appointment of counsel.

Accordingly, Plaintiff's Motion to Appoint Counsel (Dkt. 33) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 15, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE