UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT LEE ST. CLAIR, JR.,

     Plaintiff,

  v.                               Case No. 8:21-cv-168-WFJ-JSS

DEANGELO M. ANTHONY,

     Defendants.

_____/

## ORDER

Before the Court are three nearly-identical Motions to Dismiss the Amended Complaint filed by Defendants DeAngelo M. Anthony, Justin Claxon, Dustin Fetz, Derek Gulledge, David Guptill, Warren Scott Hutton, Joseph Jano, Kenneth Jones, Parker Kellerman, Charlene Liberty, Derek Martin, Sean Mulderrig, Aaron D. Peterman, Zachary Morgan Simmons, Jaime M. Smith, Eric Strom, Nicholas Harrison, and Brooke Mort.  (Docs. 34, 38, and 41)  Plaintiff Albert Lee St. Clair, Jr., who is proceeding *pro se*, filed a response in opposition to the first-filed motion to dismiss, which the Court construes as a response in opposition to all three motions to dismiss. (Doc. 39)

### I.    Background

In his Amended Complaint filed under 42 U.S.C. § 1983, Mr. St. Clair sues twenty-two defendants in their individual and official capacities.  (Doc. 9 at 2)  He

alleges that, on April 8, 2019, he eluded police at high speed. (*Id.* at 15)  Once he stopped and exited the vehicle, he ran for about thirty feet then got on his knees with his hands up. (*Id.*)  Although he was no longer resisting arrest, he was attacked by a police K9 and beaten by the defendants. (*Id.*)  He suffered dog bites, a broken nose, loosened and knocked out teeth, a swollen ear and swollen eyes, and torn forearm muscle. (*Id.* at 15–16)  Mr. St. Clair claims that the defendants refused to let first responders examine him and delayed taking him to the hospital. (*Id.*)  He alleges that the incident was recorded by a television news helicopter. (*Id.* at 15)  He seeks compensatory and punitive damages. (*Id.* at 16)

The Court already conducted a comprehensive screening of the Amended Complaint, as required under 28 U.S.C. § 1915A. (Doc. 11)  The Court dismissed the claims against the defendants in their official capacities and dismissed the claims against the three John Doe defendants. (*Id.* at 4)  Also, the Court determined that Mr. St. Clair could proceed against the remaining nineteen defendants in their individual capacities for beating him when he was no longer resisting, refusing to permit him to be evaluated by first responders, and delaying taking him to the hospital. (*Id.*)

II.     **Standard of Review**

A *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972).  On a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Court must view the allegations in the complaint in the light most favorable to the plaintiff, and consider the allegations in the complaint, including all

2

reasonable inferences, as true. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Even so, the complaint must meet certain pleading requirements. Under Rule 12(b)(6), a complaint that fails to "state a claim upon which relief can be granted" is subject to dismissal. In reviewing a motion to dismiss, a court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). To withstand a motion to dismiss, the complaint must state a claim to relief that is plausible on its face; that is, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

III.    Analysis

Collectively, the defendants argue that the Amended Complaint is an illegible, shotgun pleading.  They argue that it contains many handwritten, photocopied pages "that are so faint as to render them illegible." (Doc. 34 at 2)  Also, they argue that the Amended Complaint "lump[s] each of the nineteen Officers together" and fails "to describe or distinguish the actions of any particular Defendant." (*Id.* at 3–4)

Mr. St. Clair disputes that the Amended Complaint is illegible and argues that he has alleged sufficient facts to satisfy the pleading requirements.  He contends that he is "unable to name which specific defendant administered which part of the beating, but all listed defendants were present." (Doc. 39 at 3)  He contends that the officers' conduct will be revealed during discovery because the beating was captured on body cameras and helicopter cameras. (*Id.*)  Alternatively, he seeks leave to amend his Amended Complaint. (*Id.* at 5)

Dismissal on the grounds presented in the motions is not warranted.  The Amended Complaint is, in fact, legible.  This is evidenced by the fact that the Court was able to conduct its screening of the Amended Complaint under 28 U.S.C. § 1915A. The defendants fail to specify what portion or portions of the pleading are too faint to read.

Also, Mr. St. Clair has alleged sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  He alleges that after he stopped running and got on his knees with his hands up, the defendants (who were all present at the scene) punched and kicked him, refused to permit first responders to examine him,

4

and delayed transporting him to the hospital.  (Doc. 9 at 15–16)  He further alleges that the incident was recorded by a televisions news helicopter.  (*Id*. at 15)  Assuming these allegations are true, they are sufficient to survive dismissal at this stage.  *See Saunders v. Duke*, 766 F.3d 1262, 1268 n.2 (11th Cir. 2014) (reversing dismissal of excessive force claim for plaintiff to "pursue discovery to uncover the identity of the agent who allegedly struck him"); *Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) ("[G]ratuitous use of force when a criminal suspect is not resisting arrest constitutes excessive force."); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999) ("Even where medical care is ultimately provided, [an officer] may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs[.]").

## IV.    Conclusion

Accordingly, it is **ORDERED** that the Motions to Dismiss the Amended Complaint (Docs. 34, 38, and 41) are **DENIED**.

**ORDERED** in Tampa, Florida, on August 23, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Counsel of record and Plaintiff, *pro se*

5