UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALBERT LEE ST. CLAIR, JR.,

   Plaintiff,

v.                                       Case No. 8:21-cv-168-WFJ-JSS

DEANGELO M. ANTHONY, *et al.*,

   Defendants.
_____/

**ORDER**

THIS CAUSE comes before the Court on Petitioner's Motion for Leave to File New Amended Complaint (Doc. 53) and Motion for Court Appointed Investigator (Doc. 54).

Rule 15 of the Federal Rules of Civil Procedure, which governs amendments to pleadings, applies in habeas proceedings such as this one. *See, e.g.*, 28 U.S.C. § 2242; Rule 12 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*; and *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Rule 15 provides, as relevant here:

   **(a) Amendments Before Trial.**

      **(1)   Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:

         (A)   21 days after serving it, or

         (B)   if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1)–(2).

Here, Plaintiff has already amended his complaint once, and he filed his motion to amend (Doc. 53) long after Defendants filed their motion to dismiss. Therefore, he may not amend his pleading as a matter of course. As for seeking leave to amend, Plaintiff states merely that he wants to "fix deficiencies" and "add defendants." On this limited explanation, the Court is unable to discern that justice requires amendment and declines to grant leave to amend. Accordingly, Plaintiff's Motion for Leave to File New Amended Complaint (Doc. 53) is **DENIED**.

Also, Plaintiff's Motion for Court Appointed Investigator (Doc. 54) is **DENIED**. The Court construes the request as one for the appointment of counsel, as Plaintiff explains he needs assistance to obtain and review evidence. However, a civil litigant has no absolute constitutional right to counsel because a Section 1983 action is civil in nature and the plaintiff's physical liberty is not jeopardized. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Instead, the fundamental fairness requirement of the due process clause of the Fourteenth Amendment to the United States Constitution mandates appointment of counsel only in "exceptional circumstances." *See Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996) (citing *Kilgo*, 983 F.2d at 193). Whether "exceptional circumstances" exist depends upon the type and complexity of the

case and the ability of the *pro se* plaintiff. *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

Here, Plaintiff cites only his pending incarceration in prison as a reason that he needs assistance. But "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." *Tierney v. Ferguson*, No. 8:16-cv-2917-T-17AEP, 2017 WL 11522882, at *1 (M.D. Fla. Aug. 30, 2017) (quoting *Hampton v. Peeples*, 2015 WL 4112435, at *2 (S.D. Ga., July 7, 2015) (collecting cases)). Moreover, Plaintiff has demonstrated his ability to communicate with the Court, and there do not appear to be any exceptional circumstances, such as novel or complex facts and legal issues in this action necessitating the appointment of counsel at this stage of the proceedings. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992).

**DONE** and **ORDERED** in Tampa, Florida on January 24, 2023.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE